**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6060

KALVIN DONNELL COWARD,

Plaintiff - Appellant,

v.

JOHN JABE, Deputy Director of Operations (VDOC); A. DAVID
ROBINSON, Eastern Regional Director (VDOC); G. F. SIVELS,
Eastern Regional Ombudsman (VDOC); GREGORY L. HOLLOWAY,
Assistant Warden, General Population; CLYDE ALDERMAN,
Assistant Warden, Work Center-Special Housing; R. WOODS,
Institutional Ombudsman; C. HALL, Sergeant of the
Institutional Investigation Unit,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:10-cv-00147-LMB-TRJ)

Submitted: June 19, 2013          Decided: July 5, 2013

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Kalvin Donnell Coward, Appellant Pro Se. Michael Hugh Brady,
Earle Duncan Getchell, Jr., OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalvin Donnell Coward appeals the district court's order granting the Defendants' motion for summary judgment in Coward's 42 U.S.C. § 1983 (2006) action raising claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA). We vacate the order and remand for further proceedings.

We review the district court's order de novo, viewing the facts and drawing all reasonable inferences therefrom in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). A pro se litigant's pleadings must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

After giving notice and a reasonable time to respond, the district court may grant a motion for summary judgment on grounds not raised by a party. Fed. R. Civ. P. 56(f). Failure to give the required notice is reversible error. See Smith v. Perkins Bd. of Educ., 708 F.3d 821, 831-32 (6th Cir. 2013);

3

Gentry v. Harborage Cottages-Stuart, LLLP, 654 F.3d 1247, 1261, 1263 (11th Cir. 2011).

RLUIPA bars a government from imposing a substantial burden on an inmate's religious exercise unless it demonstrates that the burden is the least restrictive means of furthering a compelling governmental interest. See 42 U.S.C. § 2000cc-1(a) (2006); Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009). A substantial burden on religious exercise occurs when a government puts substantial pressure on an adherent to modify his behavior and violate his beliefs. Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (citations and quotations omitted). In assessing this burden, courts must not judge the significance of the particular belief or practice, as RLUIPA bars inquiry into whether the belief or practice is central to a prisoner's religion. Id. at 187 n.2 (citations and quotations omitted).

The plaintiff bears the burden of showing that he seeks to engage in an exercise of religion and the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b) (2006); Smith, 578 F.3d at 250. Once a plaintiff carries his burden, the government must prove that the religious burden is the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a); Smith, 578 F.3d at 250. "As to those elements on which it bears the burden of proof, a government is only entitled to summary judgment if the

4

proffered evidence is such that a rational factfinder could only find for the government." Smith, 578 F.3d at 250.

"RLUIPA defines the term religious exercise broadly to include any exercise of religion, whether or not compelled by, or central to, a system of religious belief." Couch v. Jabe, 679 F.3d 197, 200 (4th Cir. 2012) (citations and internal quotation marks omitted). "Although RLUIPA must be construed in favor of a broad protection of religious exercise, it must be applied with particular sensitivity to security concerns." Id. at 201 (citations and internal quotation marks omitted). As in other strict scrutiny contexts, courts have held that the government must consider and reject other means before concluding that the policy chosen is the least restrictive means. See id. at 203—04 (citations omitted).

To determine whether a plaintiff's beliefs are protected as a religion, this Court considers "whether they are (1) sincerely held and (2) religious in nature under [the plaintiff's] 'scheme of things.'" Moore-King v. County of Chesterfield, 708 F.3d 560, 570-71 (4th Cir. 2013) (quoting United States v. Seeger, 380 U.S. 163, 185 (1965)). As to the second prong, the Court asks whether the "beliefs occupy a place in [the plaintiff's] life parallel to that filled by the orthodox belief in God." Id. at 571 (citations and internal quotation marks omitted). Protected beliefs must "amount to a

5

religious faith as opposed to a way of life." Id. (citing Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972)).

Defendants moved for summary judgment on the grounds that Coward had failed to properly exhaust his administrative remedies as to claims one and two of his complaint challenging Defendants' refusal to recognize his group, the Nation of Gods and Earths (NOGE), as a religion, and that Coward had failed to sustain his burden of proving his exercise of religion was substantially burdened as to claims three and four challenging Defendants' confiscation of his literature as gang material. For purposes of summary judgment, Defendants assumed that NOGE is a religion and that Coward is a sincere adherent.

The district court initially granted summary judgment to the Defendants on claims one and two on the grounds that Defendants had demonstrated that their policy of classifying NOGE as a gang and not a religion was the least restrictive means of furthering a compelling governmental interest; and the court granted summary judgment to the Defendants on claims three and four based on its determination that Coward failed to prove his exercise of religion was substantially burdened. We vacated the district court's order after concluding that the district court granted Defendants' motion on different grounds without the notice required under Fed. R. Civ. P. 56(f); the Defendants had not demonstrated in the summary judgment record that their

6

refusal to recognize NOGE as a religion was the least restrictive means of furthering a compelling governmental interest; and we were unable to conclude there was no genuine dispute of material fact as to whether the confiscation of Coward's NOGE materials under a policy of zero tolerance to gangs and gang literature was a substantial burden on his religious exercise. We remanded the case to the district court for further proceedings consistent with our opinion.

On remand, the district court sua sponte stayed the case pending our decision in Versatile v. Johnson, 474 F. App'x 385 (4th Cir. 2012), aff'g 2011 WL 5119259 (E.D. Va. Oct. 27, 2011), cert. denied, 133 S. Ct. 1261 (2013). In Versatile, we affirmed on the reasoning of the district court its decision accepting the recommendation of the magistrate judge and denying relief on another plaintiff's RLUIPA claims concerning NOGE. The district court adopted the magistrate judge's finding after conducting evidentiary hearings that the plaintiff failed to sustain his burden to show his beliefs were religious in nature for the purposes of his particular claim, but the court did not hold that NOGE was not a religion in all cases or decide the ultimate issue of whether NOGE occupies a place in the lives of its members parallel to that filled by the orthodox belief in God in religions more widely accepted in the United States. The district court also accepted the magistrate judge's finding that

even if NOGE was a religion, the defendants demonstrated their regulations on publication approval were the least restrictive means of furthering a compelling state interest.

After our decision issued, the district court in this case sua sponte granted Defendants' original motion for summary judgment based on Versatile. The district court concluded that our decision rendered Coward's argument "moot," and his claims concerning Defendants' failure to recognize NOGE as a religion and decision to confiscate NOGE materials did not trigger protection under RLUIPA "[b]ecause it has been determined that NOGE is not a religion." Alternatively, the district court noted that it would grant summary judgment to the Defendants on claims three and four based on the district court's holding in Versatile that the defendants in that case demonstrated their regulations on publication approval were the least restrictive means of furthering a compelling state interest.

On appeal, Coward contends that the district court erred in granting summary judgment to the Defendants based on Versatile and in ignoring our instructions to hold further proceedings consistent with our opinion. We agree. The district court erred by treating Versatile as controlling authority that NOGE is not a religion under RLUIPA in all cases, and the court again granted summary judgment on a ground not raised by a party without allowing the parties an opportunity to

8

be heard.  The court alternatively indicated that it would adopt findings of fact from <u>Versatile</u> rather than basing its decision on the record in this case.  However, only indisputable facts may be judicially noticed.  <u>See</u> Fed. R. Evid. 201(b); <u>Nolte v. Capital One Fin. Corp.</u>, 390 F.3d 311, 317 n.* (4th Cir. 2004).

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.  Specifically, we direct the district court to allow the parties an opportunity to supplement the summary judgment record with additional arguments and materials.  Then, if the district court should still wish to grant summary judgment on grounds not raised by a party or to judicially notice any facts, the court should provide the parties with notice and an opportunity to be heard.  <u>See</u> Fed. R. Civ. P. 56(f); Fed. R. Evid. 201(e).  We express no opinion on whether NOGE is a religion under RLUIPA.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>